# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ANTONIO BAKER, ADC # 34358, and
DIRRICK EUGENE BLACKMON                                                    PLAINTIFFS

V.                                    5:09-CV-00381-BSM-JJV

JERRY MILTON, Jail Administrator, McGehee
Criminal Justice Facility; and JIM WHITE,
Chief of Police, McGehee Criminal Justice Facility                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if

>  such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiffs, who were pretrial detainees at the McGehee Criminal Justice Facility, jointly filed a *pro se* complaint (Doc. No. 1) against officials of the jail concerning their conditions of confinement. The Court ordered (Doc. No. 2) that Plaintiffs must submit either the $350.00 filing fee or Applications to Proceed *In Forma Pauperis* if they wished to pursue their claims.

Mr. Blackmon submitted his application for pauper status (Doc. No. 7), along with a notice of change of address (Doc. No. 8) to use after his release. Since January 25, 2010, the Postal Service has returned Blackmon's documents because he is no longer at P.O. Box 135, McGehee, Ark., 71654. Plaintiff Blackmon had been diligent in ensuring the Court has

his correct address as he is required to do[1]. Yet, since January 25, 2010, mail sent to Plaintiff has been returned undeliverable and this often indicates a plaintiff's desire to no longer pursue their case. If this is not correct, Plaintiff Blackmon must file a timely objection to this order and notify the Court of his current mailing address in accordance with Local Rule 5.5.

Mr. Baker's copy of the order was also returned to the Court as undeliverable. (Doc. No.10). In a letter dated January 14, 2010 (Doc. No. 12), Blackmon notified the Court that Baker had been released from jail and provided his home address. The Court sent the order to Baker's home address and it has not been returned. (Doc. No. 12). While it appears Baker has received a copy of the Court's Order, Baker has not submitting the required filing fee or *in forma pauperis* application. Furthermore, it appears that Mr. Blackmon is pursuing this matter on behalf of Mr. Baker. If Mr. Baker truly desires to proceed with this case, he, too, must file a timely objection to this order and notify the Court of his current mailing address in accordance with Local Rule 5.5.

Under these circumstances, the Court concludes that Plaintiffs have failed to comply with Local Rule 5.5(c)(2) and the complaint should be dismissed. *See also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders);

---

[1] Local Rule 5.5(c)(2) provides that:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that Plaintiffs' complaint (Doc. No. 1) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and all pending motions be DENIED as moot. The Clerk of the Court is directed to serve the Plaintiffs with copies of this Recommendation at their individual home addresses found in docket entry numbers 8 and 12. If Plaintiffs wish to proceed with this action, they should promptly file an objection to this order and comply with Local Rule 5.5.

DATED this 9th day of March, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE